IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:05-CR-00011-F-1
No. 7:15-CV-00264-F

| | |
|---|---|
| TERRY JERMAINE LOCKEE, )<br>Petitioner )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA, )<br>Respondent. )<br> ) | ORDER |

This matter is before the court on the Government's Motion to Dismiss [DE-110] Terry Jermaine Lockee's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-104]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons addressed below, the Government's Motion to Dismiss is ALLOWED and Lockee's Motion to Vacate is DENIED.

## I. Factual and Procedural Background

On February 3, 2005, Lockee was charged in each count of a four-count indictment. *See* Indictment [DE-1]. In Count One, Lockee was charged with conspiracy to possess with intent to distribute more than five grams of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 846. *See id.* Count Two charged Lockee with possession with intent to distribute more than five grams of cocaine base (crack) and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. *See id.* In Count Three, Lockee was charged with possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. *See id.* Count Four charged Lockee with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.

§§ 924(c)(1)(A)(ii) and 2. *See id.*

At Lockee's arraignment, held on April 11, 2005, he pled not guilty to Counts One through Four. The next day, Lockee pled guilty to Counts One and Four pursuant to a written plea agreement [DE-41]. It was agreed that at sentencing, the Government would dismiss Counts Two and Three. *Id.* at 8.

Lockee's sentencing was held on July 19, 2005, and he was sentenced to 235 months' imprisonment on Count One and 60 months' imprisonment on Count Four, to run consecutively. *See* Judgment [DE-52]. On July 20, 2005, Lockee filed a Notice of Appeal [DE-54]. On July 28, 2006, the Fourth Circuit Court of Appeals dismissed Lockee's appeal. *See* Fourth Circuit's Order [DE-76].

On December 14, 2015, Lockee filed his *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-104]. In his sole claim, Lockee argues that he no longer qualifies as a career offender pursuant to § 4B1.1 of the U.S. Sentencing Guidelines. *Id.* at 4. Specifically, Lockee contends that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act ("ACCA"), found in 18 U.S.C. § 924(e)(2)(B)(ii), was void for vagueness and therefore unconstitutional.[1] *Id.* On January 21, 2016, the Government filed a Motion to Dismiss [DE-110], arguing that dismissal is warranted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Lockee has failed to state a claim upon which relief can be granted.

---

[1] The Supreme Court has held that *Johnson* is retroactively applicable to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016).

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

## III. Background

Under ACCA, a "violent felony" is defined as follows:

any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--

3

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2)(B) (emphasis added); *see Johnson*, 135 S. Ct. at 2556 ("The closing words of this definition, italicized above, have come to be known as the Act's residual clause.").

The Sentencing Guidelines provide that a defendant qualifies as a career offender when the following three conditions are satisfied:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

### IV. Discussion

**A. Even if *Johnson* applies retroactively on collateral review to a challenge to the Guidelines[2], Lockee remains a career offender.**

At sentencing, Lockee was found to have qualified as a career offender based on, among other offenses, five North Carolina convictions for breaking and entering. *See* PSR at 13, ¶ 53. In *Johnson*, the Supreme Court explained that when assessing whether an offense "is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another," the categorical approach is employed.

---

[2] On June 27, 2016, the Supreme granted certiorari in *Beckles v. United States*, 15-8544. The questions presented in *Beckles* include whether *Johnson* applies retroactively to collateral claims challenging sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2). *See* http://www.supremecourt.gov/search.aspx?filename=/docketfiles/15-8544.htm (last accessed October 11, 2016).

4

*Johnson*, 135 S. Ct. at 2557 (citing *Taylor v. United States*, 495 U.S. 575, 600 (1990)). When applying the categorical approach, a court assesses whether a crime qualifies as a violent felony based on how the law defines the particular offense, not based on how the defendant committed it. *Id.* In *Johnson*, the Supreme Court noted that breaking and entering into someone's home does not normally cause physical injury, in and of itself, but the risk of injury arises because the burglar might confront an occupant in the home *after* breaking and entering. *Id.*

As noted, Lockee has five North Carolina convictions for breaking and entering. *See* PSR at 6, ¶ 17 (three counts of breaking and entering); PSR at 7, ¶ 21 (two counts of breaking and entering). In *Johnson*, the Court made clear that it did "not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563. Moreover, breaking and entering is an enumerated offense under the Guidelines. *Mack v. United States*, Nos. 3:16-CV-00253-GCM, 3:97-CR-00249-GCM-1, 2016 WL 3457172, at *2 (W.D.N.C. June 23, 2016); *see* U.S.S.G. § 4B1.2 n.1 (defining enumerated offense of burglary of a dwelling as a crime of violence). Consequently, Lockee remains a career offender notwithstanding *Johnson*. Because Lockee has failed to state a claim for relief in his § 2255 motion, it will be dismissed.

### V. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-110] is ALLOWED and Lockee's Motion to Vacate [DE-104] is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a

constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, a petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct.).

SO ORDERED.

This the 12 day of October, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge